So the first case is United States v. Montague. And I see we have Mr. Whitmer. Yes, Your Honor. And you deserve two minutes for rebuttal on behalf of the appellant. You can proceed whenever you're ready. May it please the Court, Counsel. This is a CCE case that is post-Richardson Obviously one of the main contentions on appeal is that Richardson was very clear that there were necessary elements to be pled in an indictment in relation to a continuing criminal enterprise case, specifically that there be three violations. In this particular case, the indictment is a CCE count and it's a narcotics conspiracy. But in flattery, we said post-Richardson, although Richardson requires that the jury be unanimous on each of the constituent felonies, we have held that an indictment that does not identify which of many alleged felonies constitute the series is not thereby defective. So why isn't that controlling here? It seems exactly on point. Two reasons, I believe, is that in particular in relation to flarity, it was drafted pre-Richardson, obviously, and works off of Santana Madera, which in that particular case, they, if you look at the flarity indictment, actually it is pled a lot more sufficiently than in this particular case. If you look at the flarity indictment, the flarity indictment has multiple conspiracies. There's two 841 conspiracies and there's an 860 conspiracy. In this particular case, this case is a lot more like Joyner, which came out from this court subsequently after Richardson, where Joyner is identical to this case. Joyner had just a CCE with a narcotics conspiracy and a CCE alone is deficient. That's what we have here. We have an indictment that is just a narcotics conspiracy and a CCE. It was not overturned in that case because there was no objection at the trial court and they used a different standard of review. In this particular case, it was objected to over and over and over again. And based upon the Joyner case, which obviously came many years later, that the law of the circuit right now, it appears to the appellant. Do all three of the predicate acts need to be specifically charged or is it enough for the indictment to say that he committed three predicate acts? I think that's a very interesting question that doesn't need to be reached in this particular case because there wasn't like incorporation through reference of three separate acts. I would say that yes, they have to be specifically applied based on Richardson, but I don't even think we need to get there because you just have the narcotics conspiracy and you don't have any other. The jury's instructed that there needs to be three acts, right? And that the jury needs to be unanimous as to each of the three acts, right? Yes. And that is another one of the problems here is that the jury was... Can I just ask, is that an incorrect jury instruction? That is our contention. That it's incorrect? The jury instruction in this case was incorrect. So even if the indictment had said exactly what the jury instructions say, there needs to be three predicate acts and everybody needs to be unanimous on them, you would still say that that's inadequate? I would say that the grand jury needs to indict, for purposes of the grand jury clause, those three specific acts. You're essentially saying the jury instruction is wrong because there needed to be three acts in the indictment. I think your jury instruction argument collapses into your argument that what's required in the indictment, right? There was nothing separately wrong about the instruction. The judge did say they had to be unanimous and there had to be three. Your problem with the instruction is that the three weren't identified, right? My problem with the three is that also the court said specifically that they could find three acts that were outside of what was indicted. That's one of my... Wouldn't they have to find three that were outside the indictment because there weren't three that were inside the indictment? That is my biggest problem with it, too. I mean, I just think you don't even get there because there's not three in the indictment. But even if you do get to the point where you're like, this indictment is clear, it's not, and that the circuit has been clear, like, just this exact indictment, which is just a CCE and just an archivist's confurency, that's deficient in and of itself because it doesn't... Are these objections preserved? Yes, very much so, to the point where the court was annoyed very clearly about it being preserved in that manner. At some point in the record, the court essentially tells defense counsel, like, I don't need to hear this anymore, which, from our perspective, it was the most important thing. And it was so easily cured. Like, it's something that you could just cure very easily from the inception if it's objected to. Can I just go back to your argument about uncharged acts? Just go back to Judge Jacobs' point. If the jury, assuming we disagree with you on the first point that has to be specifically laid out, what uncharged acts were there that were beyond the indictment that the jury might have considered? That was another problem, too. There was a request for bill of particulars. There was a request for 404B stuff. It was a long trial, so there was many acts that were obviously testified to at the trial. It seems like the conspiracy was so long and broad that there wouldn't have been anything outside the indictment as alleged, right? I just want an example of something that you would say, look, that clearly was outside what was charged in the indictment. I mean, it appears as if the only thing that is pled as a violation is just the conspiracy. It is just those three violations. Did the jury specify what the three violations were and say we agreed on this unanimously? No. And that was like one of the biggest problems was they were not essentially told. They were specifically told that they could find violations outside of what was indicted. Well, just to go back to your answer to Judge Bianco's question, I mean, it does seem like they're charging overall conspiracy and then every individual act of distribution could be a violation, right? I think it's very important to also apprise the defendant as to what the violations are so that he can also present a defense. I think that that's another one of the reasons why we actually plead indictments. Well, the jury's instruction that the offense has to be – the predicate offense has to be part of a series of three or more offenses committed by the defendant on Montague in violation of the narcotics laws which make it a crime to conspire to distribute narcotics or to possess with intent to distribute narcotics. To distribute narcotics or to possess with intent to distribute narcotics or attempt to do so. So any time you did that, there was an individual conspiracy to distribute narcotics or to possess with intent. That could be one of the violations, right? That's what the jury's instructed on. And I guess not every instance in which Montague did that was charging the indictment. That's your argument, right? I only have ten seconds, so I'll just say very quickly. So I would just say that Richardson – the Supreme Court was very clear that that's the reason why we need to know what these specific three violations are is because they're necessary elements. But in a case in which you have somebody involved in lots and lots of individual instances of distribution and any one of those could be part of a series of events that leads to a continuing criminal enterprise, why does the government have to say these are the specific ones we're deciding are the predicates? The jury unanimously agrees that any three of those happened. That's a continuing criminal enterprise, right? From a defense perspective, obviously, what I would say is that it's very clear that you need to be able to defend whatever you're being accused of, and if you're not – Well, you said you asked for a bill that took yours and that was denied, but you're not appealing that decision, right? Isn't that the better way? If it's a facially valid indictment, but for whatever reason your client is having trouble defending against it because of a lack of detail, that's the avenue, right? Did you ask for that and it was denied? Yeah, it was asked for, and it wasn't specifically pled, obviously, subsequently, and that's another reason, too. And also, to go to Judge Jacobs' question, you could have asked for some type of special interrogatory on the verdict sheet that the judge – you're instructing that to be unanimous. We would ask that you make them find as to exactly which violations they're unanimous to. You didn't make that request either, right? In this particular case, it wouldn't have mattered because the jury instruction specifically told them that they could find anything that wasn't even indicted. Yeah, but the jury verdict form does say that the jury decided that there were three offenses of which the primary violation was a part, and the jury unanimously agreed on those three offenses, right? So from – we know the jury decided there were three offenses, at least, that the defendant committed that form the continuing criminal enterprise. So you could have asked the jury to specify which those three were. Yeah, I think that there's a unanimity problem with that, too, though. If you look at it and they're saying that they found three specific offenses, I mean, what specific three offenses? That's my point. If you wanted the jury to specify those three, you could have asked for that on the jury form. You could not have? Yes, you could have, but at the same time, too, I mean, if you're objecting over and over and over again to the indictment, asking for a bill of particulars, asking for outside acts, just to be apprised of what you're even defending, what you're being – and this is a CCE. This isn't a light case. It's something where you really need to know what you're being accused of so you can defend it. Did the jury say that they were unanimous that there were three, or did they say that they were unanimous as to the fact that there were three and they unanimously agreed on a particular three? Because the more one argues that there's lots and lots and lots of offenses here, the harder it becomes to say that anyone knows that the jury unanimously agreed on the same three. I don't believe that they did. But also, I mean, from our perspective, too, it just – you go back to the beginning where this indictment, the law of the circuit at this time is that just one narcotics conspiracy with one CCE is – it's deficient, as the Second Circuit called it in Joyner. And if the Second Circuit is saying that very specifically – All right. We'll ask the government about Joyner. But before you sit down, I do want to ask you about the quantity issue. Do you concede that if there needed only to be 150 kilograms overall, that certainly there was plenty of evidence that overall there was 150? Assuming the government's witnesses accredited, there was an enormous amount of testimony regarding, I don't know, how many kilos over seven years, a long time, right? Yes. And what I would respond to that, too, is that that also is a necessary element for the jury to find. I know. But this is – that one there was no objection to, right? So, I mean, no request that the jury be instructed they have to find 150 kilograms as to each of the three. There was no such request. So we're operating on the plain error on that. And certainly there's 150 overall, right? I would say specifically in this case, you obviously have the government's case, which was extremely long. You have the defense case where the defendant testified and completely rebutted everything that was in the government's case. I would say that, no, as it's rebutted, the jury should have been necessitated to find that specific element, particularly where you're talking about this kind of – the jury did specifically find that right on the form. They found five on the verdict as far as my recollection. Can I just ask also if the predicate offense is one of conspiracy, was there not evidence before the jury that the defendant engaged in a conspiracy that involved 150 kilograms? That was certainly the allegation and the testimony. So even if you were right and the statute requires 150 kilograms for one violation, if the violation is the conspiracy, there still would be 150 kilograms. Yes, but again, I would just say that it's a series of violations. So you really need to get to three as opposed to one. But you're saying there's 150 kilograms for each of the three? That can't be right, right? No, but I – It says the violation referred to in subsection C1 involved at least 300 times the quantity, and C1 refers to the predicate violation, the predicate felony violation, so it's one instance, right? I agree with the court on that. The most base point is that you still got to have the three violations. The Supreme Court set it out. Yeah, but that's a different point. I was trial counsel in this matter. I know about a month before the trial into this four-year prosecution, the defendant moved to dismiss the indictment. I can tell the court there was no over and over objecting to the lack of specificity on these three counts. The indictment in this case is exactly the indictment that was upheld by Flaherty. Well, not Joyner. He's saying Joyner was closer to this case. Do you want to address that? Well, Your Honor, Joyner, to the extent Joyner indicta, because Joyner did not hold, as Flaherty did, that it caused a problem, to the extent Joyner is inconsistent with Flaherty, I would point out that the reasons Joyner upheld the conviction in that case are all also apparent here. The court instructed the jury. The indictment followed, first of all, it tracked the language of the statute as the indictment here did. The court identified that the continuing series of violations element required three violations. The court in each of the cases, including ours, identified what those violations were by describing it had to be violations of possession with intent to distribute and distributions of cocaine, as well as narcotics conspiracy, identified the time period, as well as the location. What was the time period? What was the time period? The time period of the indictment charged. I believe it was 2008. You said with respect to the specific offenses, the indictment identified the time period. What was the time period? I believe it's 2008 to 2014. That doesn't sound very specific to me. I don't think under the rules of pleading. But the real question is, what notice did the defense counsel have as to what the three specific drug offenses were? I mean, presumably you'd say, you know, when they took place and who was involved. That's omitted from the indictment. Well, I think there's a distinction that seems to be blended in the defense argument here between pleadings in the indictment, identifying specifically charges as opposed to proving them. The indictment has to, in order for an indictment to be valid, tracking the length of the statute, identifying the time period. But it has to plead the elements. It did plead the elements. But the Supreme Court said that the elements include the specific drug offenses, not drug offenses committed over a period of eight years. They can, you know, mix and match. Well, I think Richardson also, Richardson identified that three violations for the continuing series is an element. But if you have someone who's dealing drugs over that period of time with multiple people, it would be pretty hard for them to know exactly what they're defending against. You know, based upon just the years, there's no overt acts. There's nothing really other than the years. And it does track the language of the statute. But on the issue of notice and able to defend yourself, doesn't that put a defendant in a tough spot to know exactly what's going to come up at the trial? Well, I think in every narcotics conspiracy case that extends for a certain period of time, there's going to be evidence of the conspiracy. And I'm citing here because there has to be three different violations. If it's one conspiracy, you could have that problem. But here, because there has to be three separate violations, it's magnified, I guess. So can we clarify what the violation is? Can you answer that? I'm sorry. It's magnified here because of the nature of a CCE charge, which requires three separate violations, right? Well, I think that was the thrust of Richardson, that as long as the jury finds unanimously what those are, then that's sufficient for that one particular. Was there a request for a bill of particulars? Didn't the government oppose that? I believe there was a request for a bill of particulars identifying numerous things in the conspiracy, every uncharged co-conspirator. I know, but whether they're entitled to all that is a different story, whether they should have gotten a little bit more information about exactly what the government was going to allege with respect to the violations, right? Well, in this case, months before the trial, they had a list of every wiretap call that was being used, every post-camera surveillance observation of the defendant on it, and every single one of those instances were instances where the defendant met with a co-conspirator, arranged for the distribution. So the defendant, you're saying, could have figured it out? They had ample notice, absolutely. But, I mean, what other elements of an indictment can be omitted? The element is that there's a continuing series, and that was not omitted. The Supreme Court in Richardson said what the elements are, and you're saying it's okay that they were omitted from the indictment, and it's okay that the jury charge said that that can be supplied by acts that are not in the indictment. Two points there, Your Honor. First, Richardson didn't issue a decision on the pleading. Richardson didn't, was in a pleading case. Richardson held that the three predicate acts must be unanimously found because it is an element. Because each one is, because having three is an element, and each one of them is an element. Yes, and those were pled in this indictment. Well, having three is an element, right? But it can be any three, right? Correct. To clarify what the predicate offenses are, so you allege that he was involved in a conspiracy, and the conspiracy involved lots and lots of individual instances of distribution or possession with intent to distribute, right? Any three of those could be the predicate acts, right? Yes, that's correct. So is there anything in Richardson and Fleury that says you have to list out every instance in which he engaged in a particular instance of distribution or possession with intent to distribute? No. So the indictment says that there needs to be a continuing series of violations, right? Yes. And then the evidence you put forward in the charge to the jury says you need, in order to convict, agree that there were at least three that have been proven, three instances in which there was distribution or possession with intent to distribute. Yes. Was there any way he would not have known, after you introduced the ledger and talked about all these instances of distribution, that he would not have known what the instances would be against which he's defending? I don't think there was, Your Honor, and also because in the indictment we allege that the predicate offenses were the 841A1, those instances of distribution. This is not a case where we just said there's a continuing series, there's a continuing violation, and nothing was provided. So he said what the violations were. Correct, the types of violations. So the argument of the defendant amounts to saying you have to list out. So how many instances of distribution or possession with intent to distribute occurred over the period in which he operated a continuing criminal enterprise? Hundreds. Right. So the argument here would be that you would have to list out every one of the hundreds of incidents. Correct. And Richardson, I submit, did not say that. And which three, which three did the jury unanimously decide had been committed? Which three? I mean, you have hundreds and hundreds and hundreds. Even if you have a thousand, the jury has to decide unanimously on three. That's what Richardson says. I'm not sure Richardson makes a lot of sense, but that's what it says. These are elements of the offense. I don't see how you can proceed without the jury finding that the elements of the offense were committed. Well, the jury was, in this case, told you have to be unanimous in finding those three elements, and we presume that the jury follows those instructions. That doesn't mean that every juror fixated on the same offenses. Well, now they may have unanimously decided that there were three, but it could be that one unanimously focused on one of them, another juror focused on another, and if you have a hundred of them, every juror could have focused on a different one, and yet they would unanimously say that they focused on three. Usually you would tell the jury you have to be unanimous as to the particular ones. But they didn't. Were they told they had to be unanimous as to the particular ones? Yes. They were told they had to be unanimous on what were the specific offenses in the continuing series. And that's – and we presume that they follow that instructions, and Richardson requires no more than that. It doesn't say you have to list – give them a certain list and ask them – On page 5681 of the record, the judge instructed them to be unanimously agree on which three acts constitute the continuing series of violations. Yes. Right. So the judge says you have to unanimously agree on which three acts constitute the continuing series. So if, in fact, the juror – one juror thought it was one act and another juror thought it was another one, another juror thought it was another one, and they said, oh, well, we agree that there's three acts, would they have been complying with the jury instructions? No, because I think, as Your Honor just read, that's – they have to be unanimous on which three acts. There's another part of the jury instruction that I want you to address. He said you do not – and your adversary raises – do not have to be convictions – the three violations do not have to be convictions or separate counts in the indictment and may be acts not mentioned in the indictment at all. So the first question is – you know, I asked him whether or not there was proof of acts not in the indictment, but do you believe that that's a correct instruction, that it could be based upon things not in the indictment at all? I do. First – my first point on that is, number one, that instruction was specifically requested by the defense in this case. It's in – on page 555 – four fives – 5555 of the record. Could you give me those? That. What are those pages again? 5555. 5,555? Yes. And on that – on that page, they requested from Sands the instruction at 56.04 and specifically the subsection 56-28, continuing series of violations. The language in the defendant's reply brief on appeal that specifically they take issue with about these acts being outside of the indictment or not being convictions is word for word in that instruction that the defense requested and word for word what the judge read in this case. And that is not a problem, I would submit, because it's not really different – any different than in a conspiracy case where – certain conspiracies where you have to have an overt act alleged. Yeah. You plead an overt act. I understand the point that you don't have to allege – you know, there's a lot of acts that are not alleged in the indictment. So on that level, I guess it's okay. But I guess – and there's a question of whether this could be interpreted this way or not. Suppose there was a drug transaction in 2015. Your indictment goes from 2007 to 2014. Suppose there was – you put on evidence at the trial of 2015. The jury wouldn't be able to consider that as part of one of the three violations, right? Correct. They would not. It's uncharged, right? Well – It's an uncharged act at that point. The timeframe of the CCE charge limits the timeframe of the predicate acts. So if you put in predicate acts that occurred after the timeframe or before, they can't be considered under the CCE because – Well, this instruction says that you don't have to list every act within the timeframe of the conspiracies in order for it to be considered. Correct. It says it doesn't have to be a prior conviction, and it doesn't have to be alleged in a separate count or in the indictment at all. Similar to the conspiracies where you have an overt act that's alleged in the indictment, where the jury can find a conviction on a conspiracy based on other overt acts that aren't listed in the indictment. And that's perfectly valid. Okay. Can I ask about the quantity limit? So 848B2A says the violation of First Amendment subsection C1 involved at least 300 times the quantity of a substance. And then C1 – C1 is the predicate individual felony violation, not the series, right? So isn't the statute just plainly requiring that the predicate act, the one violation apart from the series, needs to involve 300 times the quantity of the substance? I submit it does not, Your Honor. I don't think the 848 statute is requiring that every predicate act by itself involves 100. Not every predicate act, just the one predicate act, right? So C1 says he violates a provision of the subchapter, subchapter 2, the punishment of which is a felony, right? And then C2 says such violation is part of a continued series of violations of the subchapter. So C1 is referring to one act, right, the one act that qualifies as a felony. And then you add in C2 the three – or the series, which I guess we've said is three. So if it's saying that the violation referred to in subsection C1 involved 300 times the quantity, isn't C1 referring to one act? I think they're identifying that it has to be – that one act can be 150 kilos, but that it doesn't have to be. Well, wouldn't it be very easy to say the enterprise or the series of violations involved 300 times the quantity? Instead it says the violation referred to in subsection C1, right? In fact, the provision right before it, B1, says – refers to the enterprise. In the subsection right after it, B2B refers to the enterprise. So it would be very easy in B2A to say the enterprise involved at least 300 times the quantity of a substance. But it doesn't say that. It says the violation referred to in subsection C1. And to the extent that that could have been written clear and several sections of this statute could have been written clear, I don't disagree. But I don't think there's been a single case that's held that the – each predicate act alone must involve 150 kilos. Not each predicate act, but the violation referred to in C1. So I guess I'm just asking you – so I understand that there wasn't an objection, and we reviewed for plain error. So that would mean that there has to be a plausible interpretation on both sides. So I'm just asking you how to read this language to say that it is referring to the aggregate quantity as opposed to the quantity that's involved in the violation referred to in subsection C1. Right. I think it's referring to the entire – But why? What is the language that allows that interpretation? I don't know that the language requires any different interpretation than the fact that if it's 150 kilos per transaction, I think it would have been clear that the continuing series for each is not just a continuing series, just that there have to be three separate acts involving 100 kilos on each. I don't know that it's been interpreted to require 150 for any. So I would submit that there certainly isn't error because it's never been held to require just 150 kilos per transaction. So the reason why it's not plain error would be because other courts have read it this way, and maybe it's not plain error if the court is following what other courts have done. Is that the argument? Yes, and including this court's interpretation of that statute in holding up prior jury instructions, both in Flaherty and in Joyner, holding that the instruction – the violation referred to in subsection C1 is referring to one violation. I don't think it's referring to one of the predicate acts. We've never addressed this issue squarely, though. We've never – I'm not aware of it being addressed even in dicta. There have been cases where it's been – I guess convictions have been held, but it's never been raised, right? Correct. And in this case, there was a jury unanimity requirement on that specific issue. All right, thank you. I see my time is up. Thank you very much. All right, Mr. Whitmer, you have two minutes in rebuttal. Very quickly, Your Honor. Thank you. I would just say in relation to the Joyner issue, I know that counsel is saying that it's in dicta. It would be easier to understand if you take it up. Sorry, Judge. Thank you. So I – in relation to the Joyner issue, I would just say that the counsel is saying it's in dicta, but it very specifically says that in Joyner, defendants were charged with only a CCE and a conspiracy, and there was nothing in the indictment identifying which of the three violations served as the predicate for the CCE charge. It appears that the indictment was deficient under Richardson. Yeah, your answer says that you did interpose objections to the indictment, but you did not interpose an objection on that ground. I mean, you were sitting there. Yes. Obviously, that's – I don't believe that that's a fair interpretation of what happened. Well, where would I look in the record in order to know that? Motions by counsel very explicitly object to the indictment. And your answer says that the charge to which you objected is the charge that you're – that the defense asked for. Out of saying – I mean, people ask for everything out of saying. I would say that, again – It's just very hard to object to it if you ask for it. It's fair. It's fair, Your Honor. I would just say that based upon the multiple objections to the specific issue in relation to the indictment, there's multiple motions to dismiss based upon the indictment being – But that's what you think that Richardson and Flaherty require. So we have an indictment that says there needs to be a continual series of violations, and the indictment refers to the prohibitions of the narcotics laws that can constitute violations. You're saying that they needed to list out all the hundreds of individual instances in which the defendant was involved in a distribution or possession with intent to distribute that could serve as a predicate? I think what I – I don't want this. I think what the case law allows as far as what needs to be applied is, at the very least, some incorporation by reference to multiple different acts, multiple violations, like in Flaherty. Well, if it says – if the indictment says he committed a continual series of violations of the narcotics laws, then here are the laws he violated. And then they introduce evidence that there were hundreds of instances in which he violated those laws. What is the problem with that? As long as they're specifically enumerated in the indictment, or at the very least – But in my hypothetical, they were enumerated in the sense that they identified what the legal violations are but didn't list out every individual act that violated those prohibitions. But you seem to think that this still would be defective. Or no, now you're agreeing that it would not be defective. I don't want to offer an opinion necessarily on that because in this particular case, I think it's just the narcotics conspiracy. Joyner's already said just the one narcotics conspiracy is insufficient for the CCE. And based upon that, it's deficient. But Joyner wasn't reversed because there was no objection. And here there was multiple objections, motions to dismiss. Your adversary argues that you could have asked for specification on the jury form as to what predicate acts they all agreed on unanimously. I would say that based upon the numerous objections, based upon the motions to dismiss, based upon – You're saying you intimidated by the fact that you weren't winning into not asking. I wasn't trial counsel, but – Well, I understand what you're meaning. Yes. You're on your side. Yes. I would say that there was a very explicit – and I can provide it to the court at a later date – but there's a very explicit time where the court said, I get it. I don't want to hear about this anymore. I don't want to hear this. And when was that? This was – It would be good if we had a page, but – I don't have a page off the end, Judge. Can I ask that counsel just provide a one-sentence letter that contains the page number? Obviously with a – Where the judge said, I don't want to hear anymore. Yeah. Something to that effect. Yeah. Not those – Not exactly that, but yes. Within – We – You can do it in a couple – you can do it in a day, right? Yes. Okay. Can I ask, just since we've been talking about the quantity limit in 848B2A, so do you think it's plainly erroneous for the district court to follow the way other courts have interpreted this and decide that the quantity limit is based on the aggregate of all of the enterprise? Obviously that is what I'm stating in my brief. I think that Atencio also kind of goes into this. That's a Tenth Circuit case, so – Well, Atencio says that it's not plain error, right? Atencio says, well, this might be erroneous, but it's not obviously erroneous, and so the error is not plain. So do you think that that's right? I agree with – that's what the case law says, yes. Okay. Thank you. Thank you. Thank you. All right. Thank you both for a reserved decision. Have a good day. Thank you.